502 S.E.2d 161

**Elsie Naomi Boyd (McKinney) HORN, Appellant,**

v.

**Clyde J. HORN, Appellee.**

**Record No. 2654–97–3.**

Court of Appeals of Virginia.

July 21, 1998.

Present: BRAY, ANNUNZIATA and OVERTON, JJ.

Rule 5A:8(b) was amended effective March 15, 1997. The Rule, as amended, provides that an appellant's failure to timely file a notice with the clerk of the trial court that a transcript has been filed is not a ground for dismissal of an appeal unless an appellee can show material prejudice as a result of appellant's failure. "For purposes of this Rule [5A:8], material prejudice includes preventing the appellee from raising legitimate objections to the contents of the transcript or misleading the appellee about the contents of the record." Rule 5A:8(b). The appellee has the burden of establishing such prejudice. *See id.*

Here, appellant failed to timely file a notice of transcript filing. Appellee filed a motion to dismiss this appeal. In the

motion, appellee makes no claim that he was materially prejudiced.[1] Appellant filed a response to the motion.

Because appellee has not shown that he was materially prejudiced by appellant's failure to timely file the notice, appellee has not met the burden imposed on him by Rule 5A:8(b). Consequently, we deny his motion to dismiss.

The members of the bar may benefit from the issue addressed in this order. Therefore, we direct the Clerk to publish this order.

---

1. Appellee claims that as a result of appellant's failure to timely file the notice of transcript filing, "the transcripts in this matter are not a part of the record herein." Appellee cites no support for this proposition. The assertion is not true. The filing of the transcripts themselves is governed by Rule 5A:8(a), not 5A:8(b), and the transcripts in this case were timely filed.